**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:17-CR-00114-4-MJT** |
| | § | |
| | § | |
| **LEE'JARAY KEMOND SMITH** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 14, 2024, alleging that the Defendant, Lee'Jaray Kemond Smith, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Lee'Jaray Kemond Smith was sentenced on June 19, 2018, before The Honorable Thad Heartfield, of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Interfere with Commerce by Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of III, was 78 to 97 months. Lee'Jaray Kemond Smith was subsequently sentenced to 97 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial

disclosure; credit and gambling restrictions; substance abuse treatment and testing; and a $100 special assessment.

## II.  The Period of Supervision

On May 19, 2021, this case was reassigned to U.S. District Judge Michael J. Truncale.  On October 18, 2023, Lee'Jaray Kemond Smith completed his period of imprisonment and began service of the supervision term.     On February 9, 2024, the court modified the conditions of supervised release, with the Defendant's consent, to include home confinement for a period of 90 days with electronic monitoring.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations.  The petition alleges that Lee'Jaray Kemond Smith violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant shall not unlawfully possess a controlled substance.

Allegation 3. The Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Allegation 4. The Defendant shall not unlawfully use a controlled substance.

## IV.  Proceedings

On February 29, 2024, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the third allegation that claimed he failed to refrain from interacting with a known convicted felon without permission of his probation officer. In return, the parties agreed that he should serve a term of 15 months' imprisonment, which includes 90 days' unserved home confinement, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from interacting with a

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

known convicted felon without permission of his probation officer, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised

release.  The Defendant's agreed upon revocation sentence shall run consecutively to any other

term of imprisonment he is serving.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition

of release that he failed to refrain from interacting with a known convicted felon without

permission of his probation officer.  Based upon the Defendant's plea of "true" to this allegation

of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a),

the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e).

The Defendant's violation is a Grade C violation, and the criminal history category is III.  The

policy statement range in the Guidelines Manual is 5 to 11 months.  The Defendant did not comply

with the conditions of supervision and has demonstrated an unwillingness to adhere to his conditions of supervision.  In addition, the parties agreed that the Defendant should receive an upward variance to the guideline range due to the nature of the violations and nature of the underlying crime.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 15 months (which includes 90 days of unserved home confinement converted to an equivalent term of imprisonment), with no supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to refrain from interacting with a known convicted felon without permission of his probation officer.  The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 15 months' imprisonment (which includes 90 days' unserved home confinement converted to an equivalent term of imprisonment), with no supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas.  The Defendant's request should be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present

and speak and have his counsel present and speak before the district court imposes the recommended sentence.   Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 29th day of February, 2024.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE